UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM CASTRO and LORI CASTRO,

    Plaintiffs,

v.                                    CASE NO.: 8:11-cv-2188-T-23TBM

BP PRODUCTS OF NORTH AMERICA,
INC.,

    Defendant.
                                          /

**ORDER**

William Castro suffered a work-related injury on a railroad car. Castro sued BP Products of North America, Inc., ("BP Products") which owns the railroad car and which removes (Doc. 1) under 28 U.S.C. § 1332(a) based on diversity jurisdiction.

As a removing defendant, BP Products must establish federal jurisdiction, including an amount in controversy greater than $75,000. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The complaint demands no specific amount of damages, but BP Products claims that details in the complaint, supplemented by verdicts in "similar" actions, demonstrates the requisite amount in controversy.

BP Products argues that the complaint advertises a sufficient amount in controversy by alleging an array of harms, notably "loss of an important bodily function," "permanent injury within a reasonable degree of medical probability," "disfigurement," "pain [and] suffering," medical expenses, and loss of earnings. (Doc. 2 at 2) In an

otherwise bare complaint – and Castro's complaint is strikingly sparse – a conclusory listing of diverse harms fails to overcome the presumption against federal jurisdiction. See Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006) ("generalized claims for various types of damages d[o] not establish that the amount in controversy more likely than not exceeds $75,000") (citing Williams); Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("all uncertainties as to removal jurisdiction are to be resolved in favor of remand").  In fact, the removal papers include not a single particular establishing any amount in controversy.

Citing six state court verdicts greater than $75,000 in purportedly similar actions, BP Products implies that the amount in controversy in this action is assuredly sufficient. The common theme among the six verdicts and this action is a plaintiff's suffering a burn.  (Although the complaint mentions only that Castro suffered an injury because of BP Products's negligence, BP Products elaborates that Castro allegedly suffered a sulfur burn.)  Because nothing in the complaint, the notice of removal, or the record evidences the nature, extent, or severity of Castro's supposed burn, BP Products's comparisons amount to unwarrantable speculation.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007).  A generalized list of selected litigation results in other cases, although sometimes possibly supportive of an otherwise persuasive demonstration, fails to establish an amount in controversy.

This action is **REMANDED** to the Circuit Court for Polk County, Florida.  The clerk is directed to (1) mail a certified copy of this order, under 28 U.S.C. § 1447(c), to the

clerk of the Circuit Court for Polk County, (2) terminate any pending motion, and (3) close the case.[*]

ORDERED in Tampa, Florida, on October 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Castro's motion (Doc. 8) to remand arrived after preparation of this order. Remand of this action occurs sua sponte. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).